## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RUBYE L. DAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 15-9160-KHV** |
| **UNIFIED SCHOOL DISTRICT NO. 512** ) | |
| **K/A SHAWNEE MISSION SCHOOL** ) | |
| **DISTRICT,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### MEMORANDUM AND ORDER

On October 31, 2017, defendant filed Shawnee Mission School District's Motion For Leave To File Its Memorandum In Support Of Its Motion For Summary Judgment And Exhibits Under Seal (Doc. #135). For reasons stated below, the Court overrules defendant's motion.

### Legal Standards

Federal courts have long recognized a common-law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. Topeka, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. Mann, 477 F.3d at 1149. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. Id.; United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties.

Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the presumption. Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149. The Court should seal documents based only on articulable facts known to the Court and not based on unsupported hypothesis or conjecture. Worford, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004) (citing Stapp v. Overnite Trans. Co., No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998)).

## Analysis

Defendant seeks leave to file its memorandum in support of its motion for summary judgment and Exhibits 1-30 and 34 under seal. Shawnee Mission School District's Memorandum In Support Of Its Motion For Leave To File Its Memorandum In Support Of Its Motion For Summary Judgment And Exhibits Under Seal (Doc. #135-1) filed October 31, 2017 at 1. In support of the motion, defendant states that the documents contain "confidential and personal information" as defined in the parties' Protective Order (Doc. #7) filed October 29, 2015, ¶ 2 (defining confidential information). Pursuant to the parties' protective order, confidential information must be redacted, submitted for in camera review or filed under seal. Id., ¶ 7.

The fact that parties have designated information as "confidential" under a protective order does not, alone, provide sufficient reason to seal.[1] See Stormont-Vail Healthcare, Inc. v. BioMedix Vascular Sols., Inc., No. 11-4093-SAC, 2012 WL 884926, at *1 (D. Kan. Mar. 14, 2012); see also Carefusion 213, LLC v. Prof'l Disposables, Inc., No. 09-2616-KHV, 2010 WL 2653643, at *1

---

[1] The parties' protective order states, "Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal." Protective Order (Doc. #7), ¶ 7.

(D. Kan. June 29, 2010); see also Helm, 656 F.3d at 1292.  Defendant argues that "the nature of [its] Motion for Summary Judgment" makes it "unable to sufficiently redact the confidential and personal information."  Memorandum In Support (Doc. #135-1) at 2.  Defendant fails to state articulable facts to support its motion and does not meet the heavy burden it must overcome to deprive the public access to records which inform the Court's decision-making process.[2]

**IT IS THEREFORE ORDERED** that defendant Shawnee Mission School District's Motion For Leave To File Its Memorandum In Support Of Its Motion For Summary Judgment And Exhibits Under Seal (Doc. #135) filed October 31, 2017 be and is hereby **OVERRULED**.

**IT IS FURTHER ORDERED** that on or before **November 15, 2017**, defendant file its motion and exhibits not under seal.

---

[2]  Defendant has not shown that redaction would not sufficiently protect any information which is legitimately confidential.  Pursuant to the District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, defendant may redact personal data as follows:

> In accordance with Fed. R. Civ. P. 5.2 and to address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with court:
>
> 1. Social Security numbers: Use only the last four numbers; and
> 2. Minors' names: Use of the minors' initials;
> 3. Dates of birth: Use only the year; and
> 4. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.
>
> In addition, parties may modify or partially redact other confidential information as permitted by the court (e.g., driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information). * * *

District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II., I (Aug. 24, 2015).

Dated this 8th day of November, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
