IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RUBYE L. DAVIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-9160-KHV |
| | ) | |
| UNIFIED SCHOOL DISTRICT NO. 512 | ) | |
| K/A SHAWNEE MISSION SCHOOL | ) | |
| DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In this employment-discrimination case, under 42 U.S.C. § 1983, plaintiff sues her former employer for race discrimination in violation of 42 U.S.C. § 1981 and the 14th Amendment. On April 9, 2018, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a status conference to address concerns raised by the presiding U.S. District Judge, Kathryn H. Vratil, in a memorandum and order entered April 5, 2018 (ECF No. 153). Highly summarized, Judge Vratil directed the undersigned to address whether a stipulation entered by the parties to dismiss plaintiff's individual-capacity claims against John McKinney (the principal of Shawnee Mission East High School) and Ginny Lyon (defendant's director of certified professionals), should be "recalled and plaintiff's claims against McKinney and Lyon individually reinstated in this case."[1] During the conference, Charles S. Scott, Jr.

---

[1]ECF No. 153 at 8.

1

argued on behalf of plaintiff, and J. Drew Marriott and Kristen Michael O'Neal argued on behalf of defendant.  This order supplements and summarizes the undersigned's directives made on the record.

Given the current June 4, 2018 trial setting, the court and parties must act expeditiously to bring definition and clarity to the scope of this action.  Thus, by **April 13, 2018**, the parties are directed to each file a brief, limited to ten double-spaced pages, addressing the issues set out below.  Each party may then file a response to the opposing side's brief, limited to five double-spaced pages, by **April 17, 2018**.[2]  No further briefing shall be allowed.

1.  <u>Setting Aside the Stipulation.</u>  The parties should address whether the Tenth Circuit's standards[3] for setting aside a stipulation are met in this case, *specifically* taking into account the concerns expressed on page 8 of Judge Vratil's memorandum and order.

2.  <u>Statute of Limitations for Individual Claims Against McKinney and Lyon.</u>  The undersigned reads the Supreme Court case of *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), as recognizing a four-year statute of limitations applicable to plaintiff's claims against McKinney and Lyon.  If a party believes the applicable statute of limitations is

---

[2]If by April 13, 2018, the parties file a joint motion asking Judge Vratil for relief from the June 4, 2018 trial setting, agreeing to a plan by which plaintiff's claims against McKinney and Lyon are asserted, and proposing a new pretrial schedule, the undersigned relieves them of the requirement that they brief outstanding issues by that date.

[3]*See, e.g., Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.,* 532 F.3d 1063, 1075 (10th Cir. 2008) (party may be relieved of a stipulation if necessary to prevent "manifest injustice").

shorter than four years, it should discuss why.

     3.  <u>Procedural Mechanisms for Plaintiff to Assert Claims Against McKinney and Lyon.</u>  The undersigned can envision a number of procedural routes that could potentially bring plaintiff's claims against McKinney and Lyon back before the court.  Mindful of Fed. R. Civ. P. 1's mandate that the rules be construed to secure the "just, speedy, and inexpensive determination of every action," the parties should address the following:

     a.  Since plaintiff's dismissal of McKinney and Lyon was without prejudice (see ECF No. 121), and since it appears the applicable four-year statute of limitations doesn't expire until March 2019, is there any legal impediment to plaintiff now filing an entirely separate lawsuit against McKinney and Lyon?  And, if plaintiff were to file a separate lawsuit against McKinney and Lyon, wouldn't it be most efficient to consolidate that case with this case?

     b.  Instead of plaintiff filing a separate lawsuit and consolidating it with this case, should the court permit plaintiff to file an amended complaint under Federal Rules of Civil Procedure 15 and 16?  A pretrial order has been entered in this action (ECF No. 133).  The pretrial order recognizes that, under Rule 16(e), the court may not modify the order except to prevent "manifest injustice."  In addition, Rule 15(a)(2) governs when a party may amend its pleading with leave of court.  The parties should address whether these standards are met at this point in the case (in light of the analysis of U.S. Magistrate Judge K. Gary Sebelius when he granted plaintiff leave to amend her complaint on June 2,

2017 (ECF No. 107)).

    c.    Should McKinney and Lyon be joined or substituted as defendants in the current lawsuit under Federal Rule of Civil Procedure 19 or 21?

    4.  <u>Discovery.</u>  The court would like to hear from the parties about what *specific* discovery they wish to take should plaintiff's claims against McKinney and Lyon be reinstated.

    5.  <u>Mediation</u>.  At the conference, both sides expressed a desire to engage in further mediation of this dispute.  The undersigned noted the options of retaining a skilled trial lawyer familiar with § 1983 claims as a mediator, or using a U.S. magistrate judge as a court-provided mediator.  The parties should discuss their preferred mediation plan and dates they are available for mediation.

After the above issues are fully briefed, the undersigned will endeavor to issue an order expeditiously.  The deadlines for the parties to seek Fed. R. Civ. P. 72 review of the undersigned's order by Judge Vratil are expedited.  Any motion for review, limited to ten double-spaced pages, is due **two business days** after the entry of the order; and any response, limited to five double-spaced pages, is due **the following business day**.

In addition to the above topics, the court briefly discussed settlement with the parties at the conference.  Counsel informed the undersigned that the parties have only exchanged one settlement proposal (neither of which was very serious), but each side expressed the possibility of moving from its original number.  Thus, by **April 13, 2018**, plaintiff must make a reasonable, good-faith settlement demand on defendant, taking into account (among other

4

things) the problems plaintiff has candidly acknowledged with proving her stated lost-income claims.  Defendant must make a reasonable, good-faith settlement counter-proposal demand by **April 24, 2018**.

IT IS SO ORDERED.

Dated April 10, 2018, at Kansas City, Kansas.

_s/ James P. O'Hara_____
James P. O'Hara
U.S. Magistrate Judge