IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RUBYE L. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-9160-KHV |
| | ) | |
| UNIFIED SCHOOL DISTRICT NO. 512, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

In this case brought under 42 U.S.C. § 1983, Rubye L. Davis, a teacher, sues her former employer, Unified School District No. 512 (the "District"), for race discrimination in violation of 42 U.S.C. § 1981 and the Equal Protection Clause of the 14th Amendment to the United States Constitution. Davis alleges that because of her race, the District reassigned her teaching position from Shawnee Mission East High School ("SME") to Shawnee Mission West High School ("SMW").

Pending before the court is the District's motion for summary judgment (ECF No. 134). The presiding U.S. District Judge, Kathryn H. Vratil, issued a memorandum and order regarding the motion on April 5, 2018 (ECF No. 153). While reserving ruling on the motion, she directed the undersigned U.S. Magistrate Judge, James P. O'Hara, to gather more information about a stipulation entered by the parties to dismiss Davis's individual-capacity claims against John McKinney, the principal of SME, and Ginny Lyon, the District's director

1

of certified professionals. Specifically, Judge Vratil directed the undersigned to "revisit the stipulation . . . and determine whether the stipulation should be recalled and plaintiff's claims against McKinney and Lyon individually reinstated in this case."[1]

On April 9, 2018, the undersigned held a status conference to discuss the stipulation (including the background of how it came about) with the parties. After the conference, the parties submitted briefs addressing whether the stipulation should be set aside and whether Davis should be permitted to now bring claims against McKinney and Lyon in their individual capacities.[2] After considering the statements of the parties made at the conference and in the briefs, and as explained more fully below, the undersigned recommends that the stipulation remain in place and that Davis's request to amend the final pretrial order (ECF No. 133) to include claims against McKinney and Lyon be denied, but that any new action Davis might file against McKinney and Lyon be immediately consolidated with this action to promote the efficient use of the court and parties' resources.

I.    **Background**

Understanding what led the parties to agree to the stipulation requires a review of the record. Although this litigation was commenced on July 8, 2015, Davis first suggested claims against McKinney and Lyon in a March 15, 2017 proposed pretrial order submitted

---

[1]ECF No. 153 at 8.

[2]ECF Nos. 157-159. Following the conference, the undersigned issued an order which granted each party an opportunity to file both an opening brief and a response brief. ECF No. 155. Both parties filed an opening brief, but Davis forewent the opportunity to file a response brief.

by the parties to U.S. Magistrate Judge K. Gary Sebelius.[3]  In the proposed pretrial order, Davis asserted the following legal claim:

> Davis brings her cause of action under 42 U.S.C. § 1983 against the District acting through the actions of John McKinney and Certified Professional Specialist Ginny Lyon, *acting in their official capacity*, under the color of law and the authority granted to them by the District and Superintendent Dr. Jim Hinson, for depriving Davis of her rights secured under the Equal Protection Clause of the U.S. Constitution and 42 U.S.C. §1981 not to be discriminated against within her employment on the basis of her race . . . .[4]

The District objected to this claim on the basis that Davis had not previously "indicated that anyone other than Superintendent Hinson was responsible for her transfer."[5]  Davis responded to the District's objection by stating that she had only recently learned that McKinney and Lyon had authority from the District to reassign her.[6]  Davis specifically noted that because she "alleged her claims against John McKinney and Ginny Lyon in their *official capacity for the District* . . . they will not be named as defendants in this case because their actions are attributed to that of the District."[7]

---

[3]*See* ECF No. 107 at 2.

[4]*See id.* (emphasis added).

[5]*Id.*  On the day the parties submitted the proposed pretrial order, the parties filed a stipulation of dismissal of all claims against Hinson, with prejudice.  *See id.* and ECF No. 80.

[6]ECF No. 87 at 5.

[7]*Id.* at 1 n.1 (emphasis added).  It should be noted, however, that in the last substantive paragraph of Davis's reply brief on the issue, Davis stated, "If Dr. Hinson and Ginny Lyon were incorrect [in testifying that McKinney and Lyon held the final authority to reassign a teacher from SME], Plaintiff will then allege that John McKinney and Ginny Lyon were acting in their individual capacity under color of law to deprive plaintiff of her constitutional

Judge Sebelius construed Davis's response as a motion for leave to amend her complaint under Fed. R. Civ. P. 15(a).[8]  He granted the motion, stating, "Plaintiff's claims against the school district have not changed.  The only aspect of her claims that has changed concerns the individuals responsible for the transfer decision."[9]  Judge Sebelius ordered Davis to file her amended complaint by July 7, 2017.[10]  Davis filed her amended complaint on July 8, 2017,[11] along with a motion asking the court to accept the amended complaint one day late.[12]  The amended complaint named McKinney and Lyon as defendants "in [their] official capacity and alternatively in [their] individual capacity in the event [they are] deemed not to have the final authority for the District to reassign Plaintiff."[13]

Judge Sebelius held a status conference on July 14, 2017.  In an order issued that same day, Judge Sebelius reported that during the conference, the District stated it had no objection to Davis's motion for the one-day filing extension, but opposed Davis's addition of McKinney and Lyon as defendants.[14]  Specifically, the "District contended that the court, in

and rights under federal statute."  ECF No. 102 at 11.

[8]ECF No. 107 at 3.

[9]*Id.* at 7.

[10]ECF No. 114.

[11]ECF No. 120.

[12]ECF No. 117.

[13]ECF No. 120 at 2-3.

[14]ECF No. 119.

granting plaintiff's motion to amend, had not allowed plaintiff to add two individuals as defendants being sued in their *individual capacities*."[15]  Judge Sebelius's order states that, "[a]fter some discussion, the parties agreed to a stipulation concerning these parties," whereby Davis "agreed to dismiss the individual defendants" and the District "agreed that the individual defendants had acted in their official capacities and within the scope of their authority in transferring" Davis from SME to SMW.[16]  "In light of the stipulation reached by the parties," Judge Sebelius ordered Davis to file a motion to dismiss the individual defendants.[17]  Davis filed a notice of voluntary dismissal on July 19, 2017, dismissing her claims against McKinney and Lyon, without prejudice.[18]

Judge Vratil's April 5, 2018 memorandum and order expressed confusion over this stipulation.  She observed, "It appears to serve no purpose or benefit to plaintiff and in fact contravenes plaintiff's best interests in the case."[19]  Concerned with the possibility that Judge Sebelius may have been "involved in brokering this confusing result," Judge Vratil enlisted the undersigned to gather more information about the circumstances surrounding the stipulation.

---

[15]*Id*. at 1 (emphasis added).

[16]*Id.*

[17]*Id.* at 2.

[18]ECF No. 121.

[19]ECF No. 153 at 8.

5

The undersigned has confirmed that no contemporaneous record was made of the July 14, 2017 status conference at which the stipulation was reached. However, at the April 9, 2018 status conference before the undersigned, counsel for the parties discussed their recollection of the earlier conference. Both sides agreed that Judge Sebelius did *not* broker the stipulation. Counsel were united in their recollection that the District's attorney raised the issue of whether the court had granted Davis leave to add parties, and a discussion then ensued. Counsel also agree that they discussed the stage of the case, i.e., that the new claims and parties would be added after discovery had closed and would require extending the time line for getting the case to trial. Davis contends–but the District disputes–that during the discussion, Judge Sebelius opined that the statute of limitations may have run on Davis's individual claims against McKinney and Lyon. Regardless, it is undisputed that Davis's attorney is the person who suggested the stipulation dismissing the claims against McKinney and Lyon in their individual capacities. When the undersigned asked Davis's counsel why he agreed to the stipulation dismissing the claims, he explained that it was Davis's position that McKinney and Lyon were acting in their official capacities as decision makers for the District, so it was not necessary to name them as individual defendants. He further stated he was "trying to provide a clean case and not add any confusion."

## II.   Analysis

The Tenth Circuit has directed that stipulations "cannot be disregarded or set aside at

will."[20]   Stipulations are not absolute, however, and may be set aside when necessary to "prevent manifest injustice."[21]   "District courts consequently are vested with broad discretion in determining whether to hold a party to a stipulation or whether the interests of justice require that the stipulation be set aside."[22]

In the order the undersigned filed the day after the April 9, 2018 status conference, the parties were invited to "address whether the Tenth Circuit's ["manifest injustice"] standards for setting aside a stipulation are met in this case, *specifically* taking into account the concerns expressed on page 8 of Judge Vratil's memorandum and order."[23]   But Davis's post-conference brief[24] notably does not explain how or why justice would not be served if the stipulation is allowed to stand.   It is clear to the undersigned that the stipulation was unequivocal.   Davis's attorney suggested dismissal of the individual claims in exchange for the District's concession that McKinney and Davis had acted in their official capacities and with authority conveyed by the district when transferring Davis to a new school.   This

---

[20]*Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.,* 532 F.3d 1063, 1075 (10th Cir. 2008) (quoting *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097 (10th Cir. 1991)).

[21]*Id.* (quoting *United States v. Montgomery*, 620 F.2d 753, 757 (10th Cir. 1980)).

[22]*Wheeler*, 935 F.2d at 1098.

[23]ECF No. 155.

[24]ECF No. 158.

suggestion, while not ultimately in Davis's best legal interest,[25] was not completely without logic. Davis's counsel was faced with the District's arguments that (1) the amended complaint included claims she had not been given leave to assert, and (2) that adding the new claims and parties at that stage of the case would require extending the time for getting the case to trial. The record is clear that in the face of these arguments, Davis's counsel knowingly and affirmatively suggested a stipulation that would keep this action moving toward resolution.

The undersigned does not know definitively the motivation of Davis's counsel in entering the stipulation. Although the undersigned is of the opinion that the stipulation was imprudent (and arguably rises to the level of malpractice given what Judge Vratil already has said about the weaknesses of plaintiff's claims against the District and the potential viability of individual-capacity claims against McKinney and Lyon), it is not the court's "function to review the content of stipulations to decide their relative worth; attorneys stipulate many things for many reasons in preparation for . . . trials."[26] The court should not set aside a stipulation simply to relieve a party from the stipulation's detriments.[27] Thus, the Tenth

---

[25]See Judge Vratil's discussion in the April 5, 2018 memorandum and order (ECF No. 153), noting that the pertinent legal issue is not whether McKinney and Lyon acted with authority from the district, but whether they were the final policymakers for the district on the transfer decision.

[26]*Kutz v. Lamm*, 708 F.2d 537, 540 (10th Cir. 1983).

[27]*Id.* at 539-40 ("This court is likewise reluctant to relieve parties from the benefits, or detriments, of their stipulations."); *see also id.* at 539 ("We have stated that we cannot overlook or disregard stipulations which are absolute and unequivocal. Stipulations of

Circuit has refused to disregard (1) a stipulation to dismiss a case, without prejudice, with the right of the plaintiff to move the court to reinstitute the case after a state supreme court ruling, even where the trial court ultimately denied the motion to reinstitute;[28] (2) a stipulation that permitted the district court to apportion a settlement fund, even where the appealing party may have been legally entitled to more money absent the stipulation;[29] and (3) a stipulation reached as to amount of damages even though, under the law, the amount would have been less.[30]  Likewise, this court found no manifest injustice and enforced a stipulation in which counsel agreed to limit the scope of plaintiff's claims.[31]  Given that manifest injustice was not found in the above cases, even where the stipulation reached contravened a party's best interest, the undersigned does not find manifest injustice in this materially similar situation.

Finally, the undersigned notes he places very little weight in Davis's uncorroborated assertion that Judge Sebelius suggested the statute of limitations for new claims may have

---

attorneys may not be disregarded or set aside at will." (internal quotation and citation omitted)).

[28]*Id.* at 539-40.

[29]*Lyles v. Am. Hoist & Derrick Co.*, 614 F.2d 691, 694 (10th Cir. 1980).

[30]*Vallejos v. C.E. Glass Co.*, 583 F.2d 507, 510-11 (10th Cir. 1978).

[31]*Pyles v. The Boeing Co.*, 187 F. Supp. 2d 1311, 1316-17 (D. Kan. 2002).  *See also Weichert v. E-Finance Call Ctr. Support*, No. 13-2493-KHV, 2016 WL 1261035, *5-7 (D. Kan. March 30, 2016) (no manifest injustice where plaintiff's attorney made a strategic decision to stipulate to a damages amount in the face of an inconsistent verdict, even where the subsequent special verdict indicated plaintiff would have received more).

run.  Judge Sebelius certainly did not make a final determination of the issue, and it was Davis's counsel's prerogative to reject that opinion or even request time to research the issue. Instead, for whatever reason, Davis's counsel made the decision to suggest dismissal of the individual-capacity claims against McKinney and Lyon.  The undersigned finds no manifest injustice would result from enforcing counsel's decision.

Because the undersigned recommends Judge Vratil find no manifest injustice in upholding Davis's dismissal of McKinney and Lyon, Davis's request to amend the pretrial order to now assert claims against them also should be denied.  Fed. R. Civ. P. 16(e) prohibits courts from modifying final pretrial orders unless necessary to "prevent manifest injustice."  Davis has not demonstrated manifest injustice here.[32]

The undersigned notes, however, that because Davis dismissed her claims against McKinney and Lyon without prejudice,[33] there does not appear to be any legal impediment

---

[32]In any event, the undersigned concludes the most efficient, cleanest way for Davis to bring new claims against McKinney and Lyon would be in a new lawsuit.  During the April 9, 2018 conference, counsel for the District stated they do not currently represent McKinney and Lyon, and whether they would be hired to represent the individuals in the future will depend on a number of factors, including a decision by the District's board to hire them instead of another firm, a "conflicts [of interest] analysis," and a decision by McKinney and Lyon about their choice of counsel.  In addition, as counsel noted, if sued, McKinney and Lyon presumably would be entitled to conduct some discovery (however limited) and assert their own arguments and facts in a motion for summary judgement (arguments that might be different than arguments made by the District and facts that might be different from those stipulated to by the District *only* for the purpose of the District's motion for summary judgment because the District found them, while objectionable, not relevant).  *See* ECF No. 159 at 3.

[33]*See* ECF No. 121.

to Davis bringing a new discrimination action against them.  Although the District contends the claims are subject to a two-year statute of limitations and are thus barred, the undersigned disagrees.

In 2004, the Supreme Court decided the seminal case of *Jones v. R.R. Donnelley & Sons Co.*[34]  In *Jones*, the Court held that § 1981 claims are governed by the four-year catch-all statute of limitations in 28 U.S.C. § 1658 if the claims were made possible by the 1991 amendments to § 1981.[35]  Prior to the 1991 amendments, § 1981 only prohibited discrimination involving the making and enforcing of contracts; racial harassment related to employment conditions was not actionable.[36]  The amendments then made actionable claims related to the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."[37]  Thus in *Jones*, the Supreme Court concluded that the plaintiff's hostile-work-environment, wrongful-termination, and failure-to-transfer claims arose under the amended statute because they were based on post-contract-formation conduct, and accordingly were subject to § 1658's four-year statute of limitations.[38]  Although the § 1981 claim in *Jones* did not involve a state actor such that it was brought under § 1983, this court

---

[34]541 U.S. 369 (2004).

[35]*Id.* at 382.

[36]*Id.* at 372-73.

[37]*Id.* at 373, 383 (quoting 42 U.S.C. § 1981(b)).

[38]*Id.* at 382.

has subsequently held that *Jones* applies equally to claims brought under § 1983.[39]  In other words, if the § 1981 claim, brought under § 1983, was made possible by the 1991 amendments to § 1981, a four-year statute of limitations applies.[40]

In this case, Davis's claims against McKinney and Lyons would be based on their reassignment of Davis, affecting her conditions of employment after the formation of the contractual relationship.  Thus, § 1658's four-year limitations period would apply.[41]  The decision to reassign Davis occurred in March 2015,[42] such that the limitations period has not yet run.

Should Davis elect to file a new action against McKinney and Lyon in their individual capacities, the undersigned recommends the new case be immediately consolidated with the present case.  Under Fed. R. Civ. P. 42(a), a court may consolidate or join for trial or hearing

---

[39]*Robinson v. City of Ark. City, Kan.*, 896 F. Supp. 2d 1020, 1041–42 (D. Kan. 2012) (holding § 1983 claims alleging discrimination in compensation and classification, brought under § 1981, were based on post-contract-formation conduct and as such were subject to the four-year statute of limitations).

[40]*Id.*

[41]*See id.*;  *E.E.O.C. v. Thorman & Wright Corp.*, No. 06-2412-JWL, 2007 WL 1018789, at *1–2 (D. Kan. Apr. 3, 2007) (retaliatory discharge claim subject to the four-year statute of limitations of § 1658 "because they relate only to Defendants' conduct after the formation of Plaintiff Sonntag's employment contract");  *Tademy v. Union Pac. Corp.,* 614 F.3d 1132, 1152–53 (10th Cir. 2008) (hostile-work-environment claim subject to four-year statute of limitations).  *See also Bryant v. Jones*, 696 F. Supp. 2d 1313, (N.D. Ga. 2010) (§ 1981 claim, brought under § 1983, alleging discriminatory transfer/reassignment by county officials subject to § 1658's four-year limitations period).

[42]ECF No. 133 at 11.

12

"any or all the matters at issue in the actions" if the actions involve a "common question of law or fact." Judicial efficiency should be considered in the consolidation decision.[43]

Neither the District nor Davis opposes consolidation if a new case is brought.[44] The cases would surely share questions of fact and law. Consolidating the cases would ensure that the discovery completed to date would be usable for the individual-capacity claims. The undersigned is strongly inclined to believe that, as a practical matter, very little additional discovery would need to be done by defense counsel. The undersigned acknowledges, however, that summary-judgment issues would need to be re-briefed, perhaps materially so. Should both cases proceed to trial, a single presentation of overlapping witnesses and evidence is in the interest of judicial efficiency.

IT IS THEREFORE RECOMMENDED, for the reasons discussed above, that the stipulation to dismiss claims against McKinney and Lyon in their individual capacities be upheld and that Davis's request to amend the final pretrial order be denied.

IT IS FURTHER RECOMMENDED that, provided Davis files a separate suit against McKinney and Lyon in this court by **April 26, 2018**, the suit should be immediately consolidated with this action.

---

[43]*C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

[44]Although the District's brief states it is not "opposed to consolidating the cases for purposes of discovery," ECF No. 157 at 6, the District's counsel conceded at the April 9, 2018 conference that it would be practical to consolidate the cases for trial "since the witnesses would be virtually the same in both cases."

The undersigned reminds the parties that, as previously ordered,[45] the deadlines for the parties to file objections to this report and recommendation are expedited.  Any Fed. R. Civ. P. 72 objections are due **April 25, 2018** (and must be limited to ten double-spaced pages) and any responses are due **April 27, 2018** (and limited to five double-spaced pages).

Dated April 20, 2018, at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[45]ECF No. 155 at 4.