IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RUBYE L. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 15-9160-KHV |
| UNIFIED SCHOOL DISTRICT NO. 512 ) | |
| K/A SHAWNEE MISSION SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| RUBYE L. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 18-2206-KHV |
| JOHN MCKINNEY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE**

Rubye L. Davis brings suit against the Unified School District No. 512, known as Shawnee Mission School District (the "District"). Under 42 U.S.C. § 1983, plaintiff asserts that based on race, the District reassigned her teaching position from Shawnee Mission East High School ("SME") to Shawnee Mission West High School ("SMW") in violation of her rights under 42 U.S.C. § 1981 and the Equal Protection Clause of the United States Constitution. The case is set for a five-day jury trial beginning June 4, 2018. On April 5, 2018, the Court entered a Memorandum And Order (Doc. #153) which directed Magistrate Judge James P. O'Hara to revisit the parties' stipulation reflected in the Order (Doc. #119) filed July 14, 2017, in which plaintiff agreed to dismiss without prejudice individual claims against John McKinney, principal of SME, and Ginny Lyon, director

of certified professionals for the District.  On April 10, 2018, Judge O'Hara entered a Report And Recommendation (Doc. #160) which recommended that the Court uphold the parties' stipulation and not allow plaintiff leave to amend the pretrial order to include the individual claims.  This matter comes before the Court on Plaintiff's Objections To Magistrate's Report And Recommendations (Doc 160) (Doc. #161) filed April 25, 2018.  For reasons stated below, the Court overrules plaintiff's objections to the report and recommendations.

## Background Information[1]

On April 5, 2018, regarding Shawnee Mission School District's Motion For Summary Judgment (Doc. #134) filed October 31, 2017, the Court found that plaintiff had not demonstrated a genuine issue of material fact regarding whether under Section 1983, the District is liable for her claims.  See Memorandum And Order (Doc. #153) at 2-6.  More specifically, the Court noted that plaintiff asserted that McKinney and/or Lyon decided to reassign her but that she did not show either that McKinney and/or Lyon acted as a final policy maker or that the District is otherwise liable for their decision.  The Court therefore found that any complaint about discriminatory conduct by McKinney and/or Lyon belonged in a suit against them personally.  See id. at 2-6.  The Court noted that Magistrate Judge K. Gary Sebelius had entered an order which allowed plaintiff to amend the complaint to include claims against McKinney and Lyon.  See id. at 1, 6-7.  Thereafter, for reasons not reflected in the record, plaintiff stipulated to dismiss the individual claims without prejudice. See id. at 6-7.  Because Judge Sebelius seemed to have been involved in brokering the stipulation, and because the stipulation appeared to serve no purpose or benefit to plaintiff, the Court directed

---

[1] For additional information, see Memorandum And Order (Doc. #153) filed April 5, 2018.

Judge O'Hara to revisit the stipulation and determine whether the Court should recall the stipulation and reinstate plaintiff's claims against McKinney and Lyon individually in this case. See id. at 7-8.

On April 9, 2018, Judge O'Hara held a status conference to discuss the stipulation with the parties. See Report And Recommendation (Doc. #160) at 2. Following the conference, Judge O'Hara ordered the parties to file briefs addressing the following issues: (1) under Tenth Circuit legal standards, whether the Court should set aside the stipulation; (2) the applicable statute of limitations for individual claims against McKinney and Lyon; (3) procedural ways in which plaintiff could reinstate claims against McKinney and Lyon; (4) discovery needed if the Court reinstated the individual claims; and (5) a plan for mediation. See Order (Doc. #155) filed April 10, 2018 at 1-4.

On April 20, 2018, following briefing by the parties, Judge O'Hara entered a Report And Recommendation (Doc. #160). Judge O'Hara recommended that the Court enforce the stipulation and not allow plaintiff leave to amend the final pretrial order to include individual claims against McKinney and Lyon. See id. at 2. Regarding whether to recall the stipulation, Judge O'Hara found as follows: (1) under Tenth Circuit law, the Court may not disregard a stipulation or set it aside at will; (2) the Court exercises discretion in determining whether the interests of justice require that the stipulation be set aside; (3) the Court may set aside a stipulation when necessary to prevent manifest injustice; and (4) although the stipulation was not in plaintiff's best interest, counsel knowingly and affirmatively suggested it to keep the action moving toward resolution.[2] See id. at 7-8. Judge O'Hara found that plaintiff had not shown that enforcing the stipulation would result in

---

[2] The magistrate judge opined that the stipulation was "imprudent" and "arguably rises to the level of malpractice." Id. at 8. Plaintiff objects and asks the Court to delete the magistrate judge opinion as "gratuitous and not germane to the issues at bar." Plaintiff's Objections (Doc. #161) at 1 n.1. The Court disagrees and declines to do so.

manifest injustice. See id. at 7-10. He recommended that the Court enforce the stipulation and not allow plaintiff leave to amend the pretrial order to include the individual claims. See id. at 10. Judge O'Hara noted that it appeared that nothing precluded plaintiff from filing the individual claims in a separate lawsuit.[3] See id. at 10-11. He recommended that if by April 26, 2018, plaintiff filed a new action asserting individual claims against McKinney and Lyon, the Court immediately consolidate the new action with this case to promote efficient use of Court and party resources.

On April 25, 2018, plaintiff filed objections to the magistrate judge report and recommendation. See Plaintiff's Objections (Doc. #161).

On April 26, 2018, plaintiff filed a separate suit asserting individual claims against McKinney and Lyon. See Davis v. McKinney, et al., Case No. 18-2206-KHV.

**Analysis**

As noted, the magistrate judge recommended that the Court enforce the parties' stipulation and not allow plaintiff leave to amend the final pretrial order to include individual claims against McKinney and Lyon. The magistrate judge further recommended that if by April 26, 2018, plaintiff filed a new action against McKinney and Lyon, the Court immediately consolidate the new action with this case.

Plaintiff objects to the report and recommendation. She asserts that "there are no legal or logistical reasons that John McKinney and Ginny Lyon should not be joined in the current action." Plaintiff's Objections (Doc. #161) at 1. Plaintiff asserts that if the individual defendants are joined, she will assert no new claims, the District will not need to raise new defenses and the parties will

---

[3] Judge O'Hara opined that a four-year statute of limitations applies to the individual claims. See Report And Recommendation (Doc. #160) at 11-12 (noting defense contention that two-year limitations applies).

not need to conduct new discovery.  See id. at 1.  Plaintiff incorporates by reference her brief in response to the magistrate judge order.  See Plaintiff's Objections (Doc. #161) at 1.  There, plaintiff argued that requiring her to file the individual claims in a separate lawsuit would require "extensive discovery" and be "a tremendous waste of time and resources of the Court and parties."  Plaintiff's Brief In Response To The Court Order Document 155 (Doc. #158) filed April 13, 2018.

Upon careful review, the Court agrees in full with Judge O'Hara's findings and recommendations.  Plaintiff has demonstrated no just reason to set aside the stipulation.  Contrary to her assertions, requiring plaintiff to file the individual claims in a separate suit will not result in extensive discovery or a waste of resources.  By consolidating the new suit with this case, the Court and parties will be in a position to efficiently utilize the discovery and proceedings that have occurred to date.  All discovery conducted in this case shall be available to the parties in the second case and shall not be duplicated.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections To Magistrate's Report And Recommendations (Doc 160) (Doc. #161) filed April 25, 2018 are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court adopts in full the magistrate judge Report And Recommendation (Doc. #160) filed April 10, 2018.

**IT IS FURTHER ORDERED** that Case No. 18-2206-KHV is consolidated with Case No. 15-9160-KHV.  Case No. 15-9160-KHV is designated as the lead case.  All future filings shall be made in the lead case bearing a consolidated case caption.

**IT IS FURTHER ORDERED** that the magistrate judge conduct an expedited scheduling conference regarding the individual claims asserted in Davis v. McKinney, et al., Case No. 18-2206-KHV.

**IT IS FURTHER ORDERED** that on or before **May 10, 2018**, the parties show cause in writing why the Court should not sustain Shawnee Mission School District's Motion For Summary Judgment (Doc. #134) filed October 31, 2017 and enter judgment in favor of the Unified School District No. 512, known as Shawnee Mission School District.  The Court is not inviting new argument on its analysis in the Memorandum And Order (Doc. #153) filed April 5, 2018.  The parties should address only whether there is any reason not to enter judgment under Rule 54, Fed. R. Civ. P., in Case No. 15-9160-KHV.

**IT IS FURTHER ORDERED** that the trial set for June 4, 2018 is continued to **September 4, 2018**.

Dated this 1st day of May, 2018 at Kansas City, Kansas.

>                     s/ Kathryn H. Vratil
>                     KATHRYN H. VRATIL
>                     United States District Judge