UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RUBYE L. DAVIS, | ) | **CONSOLIDATED CASES** |
| Plaintiff, | ) | |
| v. | ) | Case No. 15-9160-KHV |
| UNIFIED SCHOOL DISTRICT NO. 512, | ) | |
| Defendant. | ) | |
| RUBYE L. DAVIS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 18-2206-KHV |
| GINNY LYON and JOHN MCKINNEY, | ) | |
| Defendants. | ) | |

## **ORDER**

In these consolidated cases, Rubye L. Davis, a teacher, sues her former employer, Unified School District No. 512 (the "District"), and individual defendants Ginny Lyon and John McKinney, for race discrimination under 42 U.S.C. § 1983. Davis alleges that because of her race, defendants reassigned her teaching position from Shawnee Mission East High School ("SME") to Shawnee Mission West High School ("SMW"). Davis has filed a motion for protective order (ECF No. 178) regarding the notice of her deposition filed by Lyon and McKinney on June 6, 2018 (ECF No. 177).

1

On June 14, 2018, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a hearing on Davis's motion. Davis appeared through counsel, Charles S. Scott, Jr. The District, Lyon, and McKinney appeared through counsel, J. Drew Marriott and Kristen Michael O'Neal. For the reasons discussed at the hearing and set forth below, the motion is denied.

Davis seeks a protective order precluding counsel for Lyon and McKinney from examining her about certain enumerated topics, claiming they've been the subject of extensive deposition testimony and written discovery. Prior to the initiation of Davis's suit against Lyon and McKinney, the District deposed Davis through the same counsel that now represent the individual defendants. According to Davis, that deposition, conducted on February 1, 2017, "lasted over [eight] hours and the transcript of this deposition is over 400 pages with voluminous pages of exhibits."[1] Davis asserts she "became physically ill after this very enduring and stressful deposition."[2] Davis argues that it would be "duplicative, cumulative, and it would cause [her] an excessive burden and expense for counsel for McKinney and Lyon to take her deposition" without the limitations as to scope and subject matter set forth in her proposed protective order.[3]

Duty to Confer

---

[1] Case No. 15-9160, ECF No. 178 at 2.

[2] *Id.*

[3] *Id.* at 4.

2

As an initial matter, the court finds Davis failed to satisfy the duty-to-confer requirement contained in D. Kan. Rule 37.2 before filing the instant motion. D. Kan. Rule 37.2 states,

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 … unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

On June 6, 2018, in response to several inquiries from defense counsel regarding Davis's availability for deposition, Davis's counsel responded, via email:

> Ms. Davis is agreeable for you to take her deposition on June 27 under the conditions of the attached proposed protective order. If you are agreeable to this order, please inform me and I will finalize it for our signatures. If you are not agreeable, I will file a motion with the court to adopt and enter this order.[4]

Davis asserts that defense counsel did not respond to the above request, and instead, later that same day, filed a deposition notice without any agreement as to a protective order limiting the scope or subject matter of her deposition. Davis then filed the instant motion for protective order.

---

[4] Case No. 15-9160, ECF No. 178-2.

As McKinney and Lyon observe, Davis's counsel has previously been advised in this litigation that "e-mailing a single letter to the opposing party" and "repeating a position and requesting or demanding compliance" fail to satisfy the requirements of Rule 37.2.[5]  Indeed, Davis's counsel made no effort to "converse, confer, compare views, consult and deliberate" with defense counsel prior to filing the instant motion.  Although the court could deny Davis's motion solely on this basis, the court concludes the motion should also be denied on its merits.

Davis's Proposed Protective Order

Fed. R. Civ. P. 26(b)(2)(C) directs the court to limit discovery when:

(i)   the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)  the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Additionally, the court may, for good cause, "issue an order [limiting or forbidding discovery] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[6]  The party seeking a protective order has the burden to show good cause for it.[7]  To establish good cause, that party must make "a

---

[5] Case No. 15-9160, ECF No. 97 at 4.

[6] Fed. R. Civ. P. 26(c)(1).

[7] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003) (citing *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)).

4

particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[8]

Here, Davis has failed to provide the court any record from which to determine whether (and to what extent) the topics she identifies were the subject of previous examination. Davis has not provided the court with the transcript of the February 1, 2017 deposition, much less identified excerpts relevant to the pending motion. Insofar as Davis asserts medical issues stemming from her prior deposition, Davis has failed to offer any affidavit in support of her assertions, or any detail regarding the type and extent of her illness. Based on this record, the court is unable to conclude that the proposed limitations on Davis's deposition are warranted.

Accordingly, Davis's motion for protective order (ECF No. 178) is denied. To keep this case on track, however, the undersigned will preside over Davis's deposition and contemporaneously resolve any disputes that arise. The deposition will be held on **June 27, 2018, at 8:30 a.m.** in Room 224 of the United States Court House, 500 State Avenue, Kansas City, Kansas. Absent unforeseen issues, the deposition is limited to seven hours. Lyon and McKinney are directed to file an amended deposition notice consistent with the foregoing.

IT IS SO ORDERED.

Dated June 14, 2018, in Kansas City, Kansas.

---

[8] *Id.* (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)).

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

6